Francisco **BOLANOS; Rufina Bolanos; Patricia Bolanos; Francisco Ernesto Bolanos; Marlene Bolanos,** Petitioners,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 99–70489.
I&NS Nos. A73–972–947, A73–972–948, A73–972–949, A73–972–950, A73–972–951.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided July 25, 2001.

Before HUG, B. FLETCHER, Circuit Judges and ILLSTON,* District Judge.

## MEMORANDUM **

The Bolanos, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal from the Immigration Judge's ("IJ") denial of their applications for suspension of deportation under INA § 244(a). Specifically, they argue that their due process rights were infringed when the BIA summarily dismissed their appeal. The BIA summarily dismissed the appeal because counsel for the Bolanos failed to provide an additional brief as he indicated he would on the appeal form. The parties are familiar with the factual and procedural history of the case; therefore, we will not recount it here. We have jurisdiction under the "transitional rules" for judicial review under § 309(c)(4) of IIRIRA, and we affirm the BIA's decision. *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997).

■ The BIA based its summary dismissal on 8 C.F.R. §§ 3.1(d)(1–a)(i)(E).[1] The BIA was correct in dismissing the

---

* The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Relevant portions of 8 C.F.R. § 3.1(d)(1–a) are:

appeal because Bolanos failed to file a brief as indicated on the appeal form (EOIR–26). Appeal form EOIR–26 is not misleading as the Bolanos contend it is. Last amended in 1996, EOIR–26 provides clear, easy to read instructions along with ample room for petitioners to write reasons for appeal. Counsel for the Bolanos voluntarily marked the box indicating a separate brief would be filed, he later filed for extensions to file the brief, and after refusing to grant the second extension, the BIA explained to the Bolanos that "briefs must be RECEIVED at the Appeals Processing Unit by the due date." Thus, the Bolanos' due process rights were not violated as they were on clear notice of what the repercussions would be if they failed to provide a brief to the BIA. Even if the Bolanos had not indicated they would file an additional brief, § 3.1(d)(1–a)(i)(A) would still apply as the reasons specified on the form for the appeal are inadequate.

 On the appeal form, counsel for the Bolanos gave these reasons for appeal: 1, "The Immigration Judge erred in deciding that Francisco Bolanos (A73–972–947) would not suffer 'extreme hardship' were he required to return to Mexico," and 2, "The Immigration Judge erred in deciding that the other Respondents had not been 'continuously physically present' in the United States for seven years." In giving reasons for the appeal, the petitioner should "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." *Reyes–Mendoza v. INS*, 774 F.2d 1364 (9th Cir.1985). Here, even though counsel for the Bolanos had ample room to explain the appeal, he only briefly mentioned the reasons and did not explain why the IJ's decision was incorrect.

This is an unfortunate case where the incompetency of counsel jeopardized the Bolanos' appeal. Under the law, however, the BIA was justified in the summary dismissal of the appeal. Although we affirm the BIA's summary dismissal of the appeal, it is important to note that the Bolanos are still entitled to voluntary departure which was granted by the IJ.

AFFIRMED.

---

*Summary dismissal of appeals.* (i) *Standards.* The Board may summarily dismiss an appeal or portion of any appeal in any case in which:

(E) The party concerned indicates that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so within the time set for filing.